# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID KOLBOW and DANIEL DODSON, *on behalf of themselves and all others similarly situated,*<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>API HEAT TRANSFER INC. and API HEAT TRANSFER THERMASYS CORPORATION,<br><br>　　　　　　　　Defendants. | Case No. 22-CV-451-JPS<br><br><br>**ORDER** |

　　　　On April 13, 2022, Plaintiff David Kolbow filed this class and collective action against API Heat Transfer, Inc., alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). ECF No. 1. An amended complaint added class claims pursuant to the New York Labor Laws ("NYLL"), named Daniel Dodson as a named Plaintiff (together with Kolbow, "Plaintiffs"), and named API Heat Transfer Thermasys Corporation as an additional Defendant (together with Defendant API Heat Transfer Inc., "Defendants"). ECF No. 26.

　　　　On May 15, 2023, the parties filed a joint motion for preliminary approval of their settlement, ECF No. 23, which appended the parties' fully executed "Settlement Agreement and Release," ECF No. 23-1. The parties also stipulated to certification of two classes pursuant to Federal Rule of Civil Procedure 23 (the "WWPCL Class" and the "NYLL Class") and a collective pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Collective").

ECF No. 22. On May 22, 2023, the Court adopted the parties' stipulation as to class and collective certification and preliminarily approved the parties' settlement. ECF No. 25.

On August 25, 2023, the parties filed a joint motion for final approval of their settlement, ECF No. 29, and Plaintiffs' counsel filed an unopposed motion for approval of Plaintiffs' service awards, ECF No. 30, and an unopposed motion for approval of attorneys' fees and costs, ECF No. 31.

On September 1, 2023, the Court conducted a fairness hearing on the parties' request for final approval of their settlement agreement. ECF No. 39. At that time, the Court found that no objections to the parties' settlement had been received and indicated that it would approve the parties' settlement and would grant Plaintiffs' unopposed motions for attorneys' fees and Plaintiffs' service awards. The Court will incorporate the terms of the parties' proposed order below.

Accordingly,

**IT IS ORDERED** that the joint motion for final settlement approval, ECF No. 29, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement and Release, ECF No. 23-1, be and the same is hereby **APPROVED** as fair, reasonable, and adequate resolution pursuant to Federal Rule of Civil Procedure 23(e), and represents a fair and reasonable resolution of a bona fide dispute under the FLSA;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 25, the Rule 23 classes defined in the stipulation be and the same are hereby **CERTIFIED**, for purposes of final disposition, pursuant to Rule 23(c)(1), for purposes of final disposition. The Rule 23 Classes are defined as follows:

**WWPCL Class**: All individuals who worked as hourly-paid, non-exempt employees at API's Wisconsin facilities and who were subject to the practices at issue in the Rounding Claim and/or Bonus Claim between April 13, 2020, and January 31, 2023, and who did not affirmatively opt-out of the Settlement within forty-five (45) calendar days following service of the Notice Packet;

**NYLL Class**: All individuals who worked as hourly-paid, non-exempt employees at API's New York facilities and who were subject to the practices at issue in the Rounding Claim and/or Bonus Claim between May 1, 2017, and January 31, 2023, and who did not affirmatively opt-out of the Settlement within forty-five (45) calendar days following service of the Notice Packet;

**IT IS FURTHER ORDERED** that, consistent with the parties' stipulation and the Court's prior Order, ECF No. 25, the FLSA Collective be and the same is hereby **CERTIFIED**, for purposes of final disposition, pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as follows:

All individuals who worked as hourly-paid, non-exempt employees at API's facilities in Wisconsin, New York, and Alabama and who were subject to practices at issue in the Rounding Claim and/or Bonus Claim between April 13, 2020 and January 31, 2023, and who file a Consent to Join Form within forty-five (45) calendar days following service of the Notice Packet;

Together, the Rule 23 Classes and FLSA Collective are referred to herein as the "Settlement Class";

**IT IS FURTHER ORDERED** that Plaintiff David Kolbow be and the same hereby is appointed as the Representative of the FLSA Collective and of the WWPCL Class;

**IT IS FURTHER ORDERED** that Plaintiff Daniel Dodson be and the same hereby is appointed as the Representative of the NYLL Class;

**IT IS FURTHER ORDERED** that the law firm of Walcheske & Luzi, LLC be and the same is hereby appointed as Class Counsel for the FLSA Collective, the WWPCL Class, and the NYLL Class;

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release is binding on Plaintiffs, Defendants, and all members of the Settlement Class;

**IT IS FURTHER ORDERED** that Plaintiffs' released claims and those of all members of the Settlement Class be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the federal claims, pursuant to the FLSA, of any Settlement Class member who did not timely file a Consent to Join Form with the Court be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the FLSA and state law claims pursuant to WWPCL and NYLL of any putative Settlement Class member who properly and timely excluded themselves in accordance with the procedures in the Settlement Agreement and Release be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the issuance of settlement payments to the Settlement Class, as described in the Settlement Agreement and Release, be and the same is hereby **APPROVED**;

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion for approval of the service award of $10,000.00 to Plaintiff David Kolbow and $1,000.00 to Plaintiff Daniel Dodson, which the parties have stipulated and agreed is reasonable, ECF No. 30, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion for approval of attorneys' fees and costs, ECF No. 31, in the total amount of

$169,166.67, which the parties have stipulated and agreed is reasonable, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter be and the same is hereby **DISMISSED with prejudice and without further costs to either party**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge